**COONS, Appellee,**

**v.**

**BROWNLEE, d.b.a. Restoration Specialties, Inc., Appellant.**

[Cite as *Coons v. Brownlee* (1996), 118 Ohio App.3d 216.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–95–21.

Decided Nov. 20, 1996.

*Rankin M. Gibson,* for appellee.

*Gerald L. Heaton,* for appellant.

---

SHAW, Judge.

Defendant-appellant, Daniel C. Brownlee, d.b.a. Restoration Specialties, Inc., appeals from a judgment entered in the Logan County Court of Common Pleas, awarding plaintiff-appellee, Judith K. Coons, $39,120.55 in damages plus costs and interest as a result of defendant's breach of contract.

In May 1991, plaintiff entered into a contract with defendant whereby defendant agreed to construct a single-family residence on plaintiff's property. Construction on the project commenced in May, 1991 and ceased in September, 1991 after sixty percent of the project was completed. The project was halted and the parties terminated their contractual relationship due to plaintiff's apparent dissatisfaction with defendant's performance of the contract.

On September 8, 1993, plaintiff filed suit against defendant for breach of contract and defendant counterclaimed for the balance due on the contract, refinancing costs, and interest. A trial to the court took place on March 1 and 2, 1994. The trial court concluded that neither party had adequately borne its burden of proof and denied recovery to both parties.

Plaintiff timely appealed the trial court's entry to this court, and in *Coons v. Brownlee* (May 18, 1995), Logan App. No. 8–94–5, unreported, 1995 WL 311309,

Bryant, J. dissenting, this court determined that plaintiff had, in fact, met her burden of proof with respect to her breach of contract claim. Thus, we reversed the trial court's decision in part, and affirmed it in part, and remanded the case to the trial court to render a determination solely on the issue of damages. Upon remand, the trial court issued a judgment entry awarding damages in the amount of $39,120.55 to plaintiff.

Thereafter, defendant filed the instant appeal from the trial court's judgment entry on damages, asserting the following sole assignment of error:

"The trial court erred in awarding judgment in favor of plaintiff in the sum of $39,120.55 without further hearing as directed by the court of appeals."

At the outset, we note that contrary to defendant's assertions, this court did not issue a directive to the trial court requiring it to conduct a hearing on the issue of damages. More important, upon review of our previous determination of this matter it is our conclusion that this court improvidently substituted its own evaluation of the trial evidence for that of the trial court as the trier of fact. As a result, the trial court has been placed in the untenable position of having to evaluate and determine damages for a claim which that court, as trier of fact, specifically found not to be credible.

In essence, the trier of fact in this situation is being requested to award damages *as if it believed* testimony which it has already stated it does not believe, at least to the extent necessary to carry a burden of proof. It is our view that any such determination, with or without a hearing, is inherently improper. Moreover, we believe any effort by this court to review a damage determination made under such circumstances would only serve to compound the error.

For the reason that the prior decision of this court neither ordered nor necessarily entailed a further hearing by the trial court on the issue of damages, the appellant's assignment of error is overruled. However, for the reasons stated above, the prior decision of this court in *Coons v. Brownlee* (May 18, 1995), Logan App. No. 8-94-5, unreported, 1995 WL 311309, is overruled in part and to the extent only that said decision reversed the March 21, 1994 judgment of the trial court. The December 5, 1995 judgment of the trial court from which the present appeal is taken, purporting to award damages to plaintiff, is vacated and this matter is remanded to the trial court with instructions to reinstate its prior decision and judgment of March 21, 1994 in its entirety.

*Judgment vacated*
*and cause remanded.*

THOMAS F. BRYANT, J., concurs.

EVANS, J., dissents.

EVANS, Judge, dissenting.

I respectfully dissent in this case because I believe the majority has miscon-strued the May 18, 1995 decision of this court rendered in *Coons v. Brownlee,* Logan App. No. 8–94–5, 1995 WL 311309.

This case involves a dispute between a contractor and his customer over the construction of a residential property. When the work was about sixty percent finished the customer fired the contractor because the customer did not believe the work of the contractor was up to the community standard.

The customer filed an action to recover her damages and the contractor counterclaimed. During the trial the customer presented two witnesses who testified that the work of the contractor was not up to the standard of the community. This testimony was believed by the trier of fact as evidenced by the following portion of the opinion of the trial court.

"The court accepts Westerman and Swartz' testimony that this represents the community norm and, in particular, how they pursue their trade. However, the Defendant's testimony as to the building code and the fact that the Logan County Building Inspector was on the premises within minutes of the termination of this contract on September 3, 1991, and had inspected and approved the frame-in according to Joint Exhibit No. VII, convinces this Court that the workmanship on the frame-in was not a breach of contract. Plaintiff has the burden on these issues and Plaintiff has not called the Building Inspector or in any way discount-ed the approval the Building Inspector gave."

Thus, the gravamen of this case is the evidentiary value of the building permit (Joint Exhibit VII) with the various inspection approvals reflected thereon. In the May 18, 1995 opinion of this court we stated that the record contained no evidence about the standard used by the inspector when issuing his approvals. No one testified that the building inspector used the community norm when inspecting new construction prior to issuing his approval. In fact there was no evidence of any kind to tell the trial court what the approval of the building inspector meant. On this state of the record the majority of this court held that it was error for the trial court to give *any weight* to Joint Exhibit VII when considering whether or not the contractor had breached his contract. Since the approval of the building inspector was the only evidence offered by the contractor that his work had been performed at an acceptable level, it became apparent that the customer had proven her case and was entitled to damages for the breach by the contractor. The cause was then remanded to the trial court for a determina-

tion of damages. This the trial court did based on the evidence the trial court had already heard without an additional hearing. The contractor appealed, and now the majority of this court intends to take away the damage award given by the trier of fact to the contractor's customer.

I specifically disagree with the majority when they state that the trial court is being asked to award damages *as if it believed* testimony which it has already stated it does not believe. To the contrary, the trial court specifically stated that it accepted the testimony of the witnesses of the customer. The only error occurred when the trial court assigned evidentiary weight to the approvals of the building inspector contained on the building permit when there was no evidence before the court as to the basis for those approvals. This is not a matter of substituting the court of appeals' opinion on credibility for that of the trial court or of the trial court being forced to accept evidence that was initially rejected by the trier of fact as unbelievable. Rather, it is a matter regarding the competency of evidence in the form of a document introduced as a substitute for expert testimony regarding the community standard. The expert purporting to give the opinion did not testify and there was no other testimony in the record to establish his exposure to the trade, skill, education, knowledge, experience, or other basis for his qualification to express an expert opinion on any building matter and especially the community standard upon which the trial court's decision was originally based. (Evid.R. 602 and 702.) As the majority points out, this matter often becomes an issue of the weight of evidence if there are several experts and one or more does not appear to be well qualified to give opinion evidence. However, it is not necessary to weigh the expert's testimony in this case because the "expert's" qualifications were never presented to the court, and thus there is nothing to weigh.

I would overrule the assignment of error and affirm the judgment of the trial court.